*334 Justice Thomas,
concurring.
The text of the Sixth Amendment guarantees the right to a trial by “an impartial jury.” Historically, juries did not include a sampling of persons from all levels of society or even from both sexes. See, e. g., Alschuler & Deiss, A Brief History of the Criminal Jury in the United States, 61 U. Chi. L. Rev. 867, 877 (1994) (In 1791, “[e]very state limited jury service to men; every state except Vermont restricted jury service to property owners or taxpayers; three states permitted only whites to serve; and one state, Maryland, disqualified atheists”); Taylor v. Louisiana, 419 U. S. 522, 533, n. 13 (1975) (“In this country women were disqualified by state law to sit as jurors until the end of the 19th century”). The Court has nonetheless concluded that the Sixth Amendment guarantees a defendant the right to a jury that represents “a fair cross section” of the community. Ante, at 319 (citing Taylor, supra).
In my view, that conclusion rests less on the Sixth Amendment than on an “amalgamation of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment,” Duren v. Missouri, 439 U. S. 357, 372 (1979) (Rehnquist, J., dissenting), and seems difficult to square with the Sixth Amendment's text and history. Accordingly, in an appropriate case I would be willing to reconsider our precedents articulating the “fair cross section” requirement. But neither party asks us to do so here, and the only question before us is whether the state court’s disposition was contrary to, or an unreasonable application of, our precedents. See ante, at 320, 325-327; 28 U. S. C. § 2254(d). I concur in the Court’s answer to that question.